JAMES R. CADMUS ET AL. v. THE CITY OF BAYONNE.

A *certiorari* removed into the Supreme Court the resolution by which the city of Bayonne agreed to sell certain lands that it had purchased at a tax sale under the Martin act. *Held*, that the proceeding was nugatory as a means of testing whether the purchaser at the tax sale had legally extinguished the prosecutors' right to redeem the lands.

On *certiorari.*

Argued at November Term, 1897, before Justices GAR-RISON and LIPPINCOTT.

For the prosecutors, *Marshall W. Van Winkle.*

For the city of Bayonne, *Thomas F. Noonan, Jr.*

For Anna W. Wall, *James Benny.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* removes into this court a resolution adopted by the board of councilmen of the city of Bayonne.   The resolution recites the sale of certain lots under the provisions of the Martin act, their purchase by the city of Bayonne and the offer of one Anna W. Wall to buy the same of the city at a price named.   The resolution accepts the offer and authorizes the execution of a deed.

The purpose of this *certiorari* is to set aside this resolution. The right of the city both to buy the land and to sell again at private sale is conferred by the statute.   *Gen. Stat., p.* 3384.

The prosecutors, who were the owners of the lots at the time of their purchase by the city, deny, in form, the power of the city to sell what it had bought, but, in effect, they only contend that such sale will not divest their right to redeem.   They say that the purchaser, the city, did not serve upon them the notice required by the statute, and that hence the six months within which they may redeem has not commenced to run.   This right to redeem must, under the statute, be the act of the owner, and its form is strictly prescribed, viz., by paying to the city treasurer the sum paid by the purchaser with interest at ten per cent.   This the prosecutors have not done.   This, if their contention be correct, they might have done or still may do.   The effect of such payment when made is declared by the statute.

But obviously these considerations have no bearing upon the right of the purchaser to sell such title as it has, whether perfect or imperfect, to anyone who is willing to buy it.

There is not the vestige of authority in this court to extend the time for redemption, to alter the terms prescribed by the statute or to interfere with a sale by a purchaser who has or thinks he has a title. If the contention of the prosecutors be correct the sale by the city would in nowise affect their statutory right to redeem, and it certainly would not prevent their paying the proper amount to the proper officer, without which they can acquire no *status* with respect to the title that the city provisionally held. The whole question is one of title which the prosecutors are not in a position to test, and which cannot be tested by an attack upon the resolution of the city to sell to another what it bought at the tax sale. The question cannot be raised until the prosecutors have color, at least, of title, and then only in an action by which the title to land can be tested and the disputed question of fact and veracity passed upon by a jury.

The present proceeding is entirely nugatory and will be dismissed, with costs.